Vito Volpe
vs. Law No. 70377
United Electric Rys. Co.

February 9, 1929.

HAHN, J. After verdict for the plaintiff, heard on defendant's motion for a new trial based upon the usual grounds that the verdict is against the law, the evidence and the weight thereof.

The evidence disclosed the fact that the plaintiff was a passenger in defendant's bus, which, while proceeding from Providence to Arctic, was in a collision with the automobile of one Brown at or near a bridge known as Moon's Cut Bridge. Previous to the collision Brown had been drinking and after the collision pleaded guilty to driving while under the influence of liquor and was find $100 and costs, which he paid.

There were two questions before the jury:

The first question was as to the course taken by the bus as it approached the scene of the accident and its location at the time of the collision. Second: whether by failing to bring the bus to a complete stop upon observing the approach of Brown's machine the driver of the bus failed to drive and control the bus in an emergency with that care which the law requires of common carriers of passengers.

On the first question, regarding the position of the bus previous to and at the time of the accident, there was some conflict of testimony but the strong preponderance of the evidence is to the effect that the bus was upon the right hand side of the road as it approached the bridge and the driver continued to proceed along his right hand side after reaching the bridge and after observing the erratic course of Brown's machine as it approached the bridge from the south. Brown's machine struck the bus at or near the left hand front wheel, dished the wheel and turned the bus toward the left, leaving, however, upon the right hand side of the road room enough for Brown's machine to pass the bus and bring up somewhat at the rear thereof. These facts show rather conclusively that Brown's machine was not on the right hand side of the road as it approached the bridge but more nearly in the center, and, further, that it was going at a high rate of speed.

It appearing from the above by a preponderance of the evidence that the driver of the bus used due care so far as the speed of the bus and its location upon the road was concerned, the second question is whether the bus driver, in failing to stop when he first observed the approach of Brown's car, was guilty of such negligence that the jury might properly find for the plaintiff.

It is clear from the testimony that the driver of the bus was confronted with an emergency in which he could be held solely to the use of such care as might be reasonable under the circumstances. Had he stopped the bus, a collision might well have occurred, not at the front of the bus but at some place upon the body of the bus, with the possibility of injury to many of the passengers by broken glass. It seems to the Court, as a matter of law, that, as

the evidence shows that the driver was upon the right hand side of the road with the bus under control, it can not be said that he was negligent in continuing to maintain headway. It gave him a control that would not exist with the bus standing still. Therefore, it can not be said that the failure to stop the bus after observing the erratic approach of Brown's machine was a violation of defendant's duty to the plaintiff to exercise due care in the management and control of the bus.

The Court went with the jury at the time the view was taken, observed the width of the bridge and the curve of the road as it leaves the southerly end thereof. This view, in conjunction with the testimony of many disinterested witnesses as to the position of the bus before and after the accident, leads to the conclusion that the plaintiff has not sustained the burden of proving the negligence of the defendant's servant by a preponderance of the evidence. The weight of the evidence is that the bus was properly and carefully driven.

Motion for new trial granted.

For plaintiff: Rosenfeld & Hagan.

For defendant. Clifford Whipple, Earl A. Sweeney.